IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TABATHA DUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1025-SLP |
| | ) |
| HEALTHCARE INNOVATIONS | ) |
| OF WESTERN OKLAHOMA, LLC, | ) |
| | ) |
| Defendant. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion to Compel Discovery Responses [Doc. No. 12]. Plaintiff represents that the parties agreed to two separate extensions of time for Defendant Healthcare Innovations of Western Oklahoma, LLC to respond to Plaintiff's written discovery requests. *See* Mot. at 2. Defendant did not produce any discovery responses to Plaintiff's written discovery requests by the parties' agreed deadline of January 23, 2026. *Id*. Plaintiff also represents that counsel for Plaintiff sent an email message to counsel for Defendant on February 2, 2026, regarding availability for a discovery conference pursuant to LCvR 37.1, to which counsel for Defendant did not respond prior to the filing of the Motion. *Id*. at 3.

Upon consideration, the Court finds that the parties have not meaningfully complied with the good faith conferral requirement of LCvR 37.1 and that the dispute appears capable of resolution through reasonable, cooperative efforts without judicial intervention. Accordingly, the Court must "refuse to hear" the pending motion at this time. *See* LCvR

37.1.[1]  Both parties are strongly reminded that LCvR 37.1 requires not merely perfunctory contact, but a "sincere attempt to resolve differences" in good faith.  *Id.*  Notwithstanding denial of the Motion, the Court is deeply troubled by Plaintiff's representation that Defendant has failed to respond to *any* of Plaintiff's written discovery at this juncture.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery Responses [Doc. No. 12] is DENIED for failure to meaningfully comply with LCvR 37.1.  The parties are directed to discuss and sincerely endeavor to resolve this dispute.  If, after a sincere and good faith conference, the parties are unable to resolve the dispute, Plaintiff may file appropriate motions to compel limited to the matters that remain genuinely contested.

IT IS SO ORDERED this 4th day of February, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

[1] *See also Harvest Grp. LLC v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-20-00435-JD, 2024 WL 4880747 (W.D. Okla. Nov. 25, 2024) (denying motion to compel for failure to comply with LCvR 37.1); *Smith v. C.R. Bard, Inc.*, No. CIV-19-00849-PRW, 2020 WL 13648610 (W.D. Okla. Nov. 4, 2020); *Jobson v. United States ex rel. Dep't of Veteran Affs.*, No. CIV-17-574-SLP, 2018 WL 8299886, at *6 (W.D. Okla. Aug. 27, 2018) (refusing to hear portion of motion that were not discussed in the meet and confer); *Taylor v. Boise Cascade Express, a Div. of Boise Cascade Off. Prods.*, No. CIV-04-0266-L, 2004 WL 7332758 (W.D. Okla. Dec. 14, 2004).